Next case, the court calls Reimer Development v. Reimer, DBA, Judy Reimer-Reynolds, 516-0153. Counsel for the appellant. My name is William Carr and I'm here on behalf of the appellant, Judy Reino, in her individual capacities and also doing business with Judy Reino-Reynolds. This case was, is before this court on appeal from the trial court, the trial court's order aired on March 15th of 2016, finding against a defendant appellant, it's, rose as a forcible injury detainer action in Shelby County, Illinois. In the trial court, the issues were narrowed by counsel with the court's consideration and held down to two. The first is whether the court, the trial court erred in interpreting the provisions of the lease termination provision to be in compliance with the statutory provisions in 735 ILCF 5 backslash 9-209. The second issue is whether the late fees as assessed were appropriate and are valid and enforceable. The basic facts are there was a lease agreement on a mobile home court. This was within the family. The agreement was my client had testified in a previous proceeding as to the lease. It's not before the court to accept as a side issue and she was basically in a position that she had to acknowledge what she testified to that the lease was valid. So obviously a large part of the argument on behalf of the plaintiff was gone at that point in time. Then as it relates to the notice provisions, the statutory provision provides a payment must be made not less than five days after service of the notice. In other words, five days must elapse before the payment is due prior to the institution of forceful entry and retainer action. That is the law of the state of Illinois and has been the law for a considerable period of time. We are arguing that there was not compliance with that provision in the statute because the plaintiff's notice states that rent is due no later than five days from the date you, the tenant, receives this demand. That means there's only five days within which the tenant must take action and the tenant will be forced to make payment not in accordance with the statute, but in accordance with the notice provisions, which are less than the statute, which is prohibited. The statute, as I said, allows five days to make the payment. The payment is to be made upon the expiration of that five days. Comparing that to the notice provision, the notice says within five days. I know that's a simple, what seems to me to be a simple mathematical issue, but it apparently did confuse, excuse me, the trial court. The standard of review when dealing with interpretation of the statute is de novo. That is a situation, but it's not so much an interpretation of the statute or this court as it was for the trial court as an application of the statute and the court, the trial court, simply did not make that application appropriately. The notice of the plaintiff says that only full payment demanded hearing within the five day period will prevent the landlord from terminating the lease. The operative language in that notice being within the five day period, it is not less than five days as set forth in statute. Now, assuming, or excuse me, picking up on some of the cases that were cited, the Farnham case references a statute which says must be paid not less than five days after the service. That is a somewhat old case dating back, I think the opinion is 1878, and we had in effect the same statute at that point in time. Now, unfortunately in Farnham, excuse me, the appellate court did not reference, and perhaps it was not before the appellate court, what the actual notice that was utilized stated. The court does, however, say that there is no force in the injection that the notice mentioned no time for the payment of rent, except as it did within five days from the date of service of the notice. The statute was followed in this respect. We respectfully, the plaintiff and I respectfully disagreed with that statement that the statute was not followed because it was not less than five days after service in Farnham. In Avedich v. Kleiner, which is also cited in the appellee's brief, it references a statute that says payment must be made not less than five days after service of the notice, the court goes to its opinion, and at the end of the opinion, it states, and I quote, plaintiff waived his right to declare the lease terminated until the five-day period had expired without payment of rent, not less than five days, five days must elapse, and the appellate court in Avedich v. Kleiner recognized that. In Lendorf, USA v. Cousins, there's a statute that reads again, not less than five days after service of the notice, the court goes through its rationale and then states unless payment of past due rent is made only before the expiration of five days after the service of the notice, which means, again, five days notice must elapse. Each of those cases, with the understanding that we disagreed with the interpretation in Farnham, is in our favor. These statutes go back to one, the statute in Farnham, which is an 1878 opinion, it was an 1874 enactment of the statute, so that has gone back nine years after the Civil War, that was the status of the law. The plaintiff's notice did not say not less than five days after service, so that notice fails and this matter must be returned to the trial court. The second issue of the two that were narrowed down by counsel and the court at the trial level were the late fees. Now, in Collins v. Hearst, there's a statement that says a reasonable late charge provision in a contract should be enforced. The operative word there is reasonable. What is reasonable? Calculated out in the trial court in the mathematics, the late fees or late charges in this situation were about $18,400. Now, that goes back over a period of 46 months, but we consider those to be unreasonable, especially since it is a large portion of the total award of the $173,600. There were a large number of lots. We believe that the court actually arrived with its own court at the number of 16 for those lots, so there were late fees on each of them. The operative test is set forth in hidden grove condominium associated with these crooks, and it says, one, the amount fixed must be a reasonable forecast of just compensation of the harm that is caused by the breach, and two, the harm caused is difficult or impossible to imagine. Our argument today before this court, as it was before the trial court, is the sum of $18,400 is not just compensation for the harm that was caused by the breach, as that harm was set forth in the amount of $73,600. What the court did was use the same mathematical calculations with just compensation, and there's no reason to believe that $18,400 was just compensation since the rent itself is in the amount of $73,600 as a part of the record, but not in my brief, is the fact the attorney fee award was less than $3,000, and most of the damage would have been, or the cost of fees and associated expenses affiliated would be in attorney fees. The attorney fees were nowhere near the sum of $18,400, and that sum, it turns into an unenforceable penalty is our argument. They were not just compensation for the plaintiff as relates to the damages it incurred, and we're asking the court for that issue also to overturn the trial court's opinion. Thank you. Thank you, counsel. You'll have an opportunity for a rebuttal. Counsel for the appellee. Brian Hex on behalf of Appellee and the plaintiff. I think, Judge, I think counsel has stated the issue. We narrow these things to the trial court to try and get it as tight as possible. The first issue we raise in our brief is that there's a failure to cite authority. Of course, we have to have these issues drawn crisply for them, and to have a viewpoint necessary to reach a decision under 348.1.7. I don't think there's any citation authority in the entirety of the first issue raised for review, and we suggest that those arguments have to wait. If the court is nevertheless inclined to consider the question of whether or not the five-day notice would be sufficient, we suggest the trial court have it exactly right. If you look at the statute and you take the limiting provision out, it says within five days, which is what our notice says, but I'm looking specifically at page two of the court's order below. The first mention of a time period in our five-day notice, no later than five days is substantially the same as the length of the statute, not less than five days. The second mention within the five-day period is also consistent with the requirements of the statute, as well as the provisions of the 10-day notices that follow for material breaches of the lease. The authority that we cite in our brief stands for the proposition that this is a reasonable interpretation of the statute. Your Honor's review is de novo, and this is a reasonable way to interpret it. I'm not seeing a copy of the five-day notice in the appendix or in the appendix to your brief. Is what you've quoted on page 10 the correct language of the five-day notice that was sent? I believe it is, Your Honor. I don't have that section of the appendix with me. I think it was stated earlier in the moment. It should also be in the exhibit to the initial complaint. Your Honor, I believe this was also stipulated as a plaintiff's exhibit E in the trial court below. I don't have the citation. That would be part of the record, but it's not in the appendix. Is that correct? It may not be in the appendix, Your Honor. I'm not sure it's in the appendix, but it matters. So I see your call seems to be directed to this part. But looking at it, if the claim is not made by you within five days from the date you received the complaint, your case will be terminated. Only full payment of the rent demanded here and within the five-day period will prevent the landlord from terminating the case. This is language that the Supreme Court has been comfortable with before, and that other courts and services have been comfortable with before. It's a reasonable interpretation of what needs to happen. From the tenant's perspective, they have five days to pay. That's what the statute says. So they must make full payment within the five days. Furthermore, Your Honor, this is a situation where we have a tenant who walked in on Saturday and said, I've got the money. And the landlord said, no, no, no, you've missed five days. Rent hasn't been paid. It hasn't been paid for 46 months. So if there's a harm in the notice, it's a question of the technicality rather than the true damage. Because there has been an attempt to comply with it. There's been an attempt to cure this breach. The only stipulation is whether there's a difference between the strict statute or language that the trial court found in the property is sufficient to speed the entire action. We respectfully suggest that it's not because it tells the tenant exactly what they must do in order to cure the breach and prevent the termination of their lease. That they have to get there with the money within five days from the service of the notice. Your Honor, as to the question of late fees, again, I think the trial court got this one right. We did attempt to make a limiting construction of the late fee provision. It provided that there would be a $25 flat fee per month where any lot rent was paid and then $5 per day. That obviously raises the problem of rigid growth as of five days running forever. That could create fees that would allow an excess of even rent to be paid. The court said, well, we're going to strike a provision that says you get five bucks a day forever. And they said, you can have $25 flat per month. We suggest under a hidden growth that that is a reasonable forecast of damages. And it's a reasonable administrative fee associated with the fact that the rent is not paid due and the landlord has to go around and try and figure out what's going on with that rent. That's, in fact, the exact amount that hidden growth found was permissible when they considered the matter. So we respectfully suggest that the trial court was correct in permitting us to retain the $25 per lot per month late fee charge. Your Honor, I'd note that I'm not even sure we get to this question because it's way over argument, but if that's all right, I'd like to further it out. You don't have to use all your time. Thank you. Thank you, counsel for the appellant. Your Honor, I likewise would use all of my time in rebuttal as well. As relates to the argument that our arguments are waived, as I stated earlier, just to reemphasize our position, the statute is what is to be applied to the facts that are in the lease. In this situation, the statute says one thing. It must be complied with. The lease says something of a lesser nature, a lesser time frame. It must not be complied with. It seems a shame that if the court would elect to overturn the trial court's opinion, we would be back doing the same thing. But I think a valuable lesson has been learned, at least by the plaintiffs, that he needs to draft his notices more appropriately in accordance with the statute. Thank you. Thank you, counsel. Court will take this matter under invitement and render a decision in due course.